Boda v. Garland

BIA
Schoppert, IJ
A206 562 606

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of March, two thousand twenty-two.

PRESENT:
> GERARD E. LYNCH,
> RAYMOND J LOHIER, JR.,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

FRANCOIS BODA,
> *Petitioner,*

v.                                          20-4258
                                            NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:              Gary J. Yerman, Esq., New York, NY.

FOR RESPONDENT:              Brian M. Boynton, Acting Assistant Attorney General; Shelley R. Goad, Assistant Director; Monica G.

Antoun, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED IN PART and DENIED IN PART.

Petitioner Francois Boda, a native and citizen of the Central African Republic, seeks review of a December 9, 2020, decision of the BIA affirming a November 1, 2018, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Francois Boda*, No. A206 562 606 (B.I.A. Dec. 9, 2020), *aff'g* No. A206 562 606 (Immig. Ct. N.Y. City Nov. 1, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). For the following reasons, we dismiss the petition as to asylum and deny it as to withholding of removal and CAT protection.

2

Our jurisdiction to review the agency's findings regarding the timeliness of an asylum application and the circumstances excusing the untimeliness is limited to constitutional claims or questions of law. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D). In the present case, we lack jurisdiction to review the denial of asylum because Boda challenges the agency's factual determination that his 11-month delay in filing after the overthrow of the government in his home country that prompted his fear of return was unreasonable. *See Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 329 (2d Cir. 2006) ("[W]e remain deprived of jurisdiction . . . when the petition for review essentially disputes the correctness of an IJ's fact-finding or the wisdom of his exercise of discretion."); *see also* 8 U.S.C. §§ 1158(a)(2)(B), (D), (3); 8 C.F.R. §§ 1208.4(a)(4)(ii), (a)(5). Although Boda asserts the agency overlooked country conditions evidence, he does not identify evidence the agency failed to consider. *See Xiao Ji Chen*, 471 F.3d at 336 n.17 ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise.").

3

We deny the petition as to withholding of removal and CAT protection. An applicant bears the burden of proving his eligibility for relief with credible testimony and reasonably available corroboration. 8 U.S.C. §§ 1158(b)(1)(B)(i), (ii), 1231(b)(3)(C); 8 C.F.R. § 1208.16(c)(2). We find no error in the agency's conclusion that Boda failed to meet his burden of proof.

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v.*

*Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

We defer to the IJ's conclusion that Boda's demeanor undermined his credibility given his vague testimony about his work for the New York embassy of the Central African Republic and his knowledge of the current government. *See Karaj v. Gonzales*, 462 F.3d 113, 116 (2d Cir. 2006) (giving "particular deference" to demeanor findings (internal quotation marks omitted)). That finding, and the adverse credibility determination as a whole, were bolstered by inconsistencies regarding whether Boda lived at the embassy, how he was paid, and whether he had siblings. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 109 (2d Cir. 2006) ("We can be . . . more confident in our review of observations about an applicant's demeanor where . . . they are supported by specific examples of inconsistent testimony."). Those findings provide substantial evidence for the adverse credibility determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him

credible. Multiple inconsistencies would so preclude even more forcefully.").

Moreover, Boda did not rehabilitate his credibility with reliable corroboration. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency reasonably afforded minimal weight to the family letters, particularly given Boda's inconsistent statements about whether he had siblings. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (holding that "[w]e generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence" and upholding BIA's decision to afford little weight to letter from applicant's spouse); *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding letters from relatives and friends did not provide substantial support for claim where authors were "interested witnesses . . . not subject to cross-examination"), *overruled on other grounds by Hui Lin Huang v. Holder*, 677

6

F.3d 130 (2d Cir. 2012). And the pay stub Boda submitted did not confirm his employment with the embassy in the United States.

Accordingly, absent credible testimony or reliable corroboration, the agency did not err in concluding that Boda could not meet his burden of proof. *See* 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1231(b)(3)(C); 8 C.F.R. § 1208.16(c)(2). That determination is dispositive of withholding of removal and CAT relief because both forms of relief were based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED IN PART and DENIED IN PART. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7